JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DANIEL R. KALEBA (CABN 223789)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3680
   Facsimile:   (510) 637-3724
   E-Mail:     James.C.Mann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROCKY NEVES<br><br>    Defendant. | No. CR-07-0791 CW<br><br>**UNITED STATES' MOTION TO REVOKE PRE-TRIAL RELEASE ORDER FOR DEFENDANT ROCKY NEVES**<br><br>Court:    Hon. Claudia Wilkin |

## INTRODUCTION

Pursuant to 18 U.S.C. § 3145(a), the United States files this motion to revoke Magistrate Judge Wayne D. Brazil's order granting a 24-hour pre-trial release to defendant Rocky Neves. Defendant is charged by indictment with one count of escape, arising out of his July 31, 2007 flight from Cornell Corrections. In light of the defendant's significant criminal history, as well as the facts of the underlying escape offense, the defendant is a flight risk and a danger to the community. Moreover, there is no urgency to the defendant's request to be married, and no compelling need to be released from custody so that he may be married. The issue is also moot: based on representations made by the defendant and his counsel before this Court and Judge

MOT. TO REVOKE TO PRE-TRIAL RELEASE    1
No. CR-07-0791 CW

Brazil, the defendant made arrangements to be married on Friday, April 4, 2008, and despite this Court's April 3, 2008 Order to stay the release, the defendant or his counsel gave no notice to the United States that he would persist in his request to be released until Monday, April 7, 2008.

For the reasons set forth below, the United States respectfully requests this Court revoke Judge Brazil's pretrial release order.

## ARGUMENT

### A. Standard Of Review Is De Novo.

"[A] district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings." United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990).

### B. The Defendant Is A Danger And A Flight Risk.

The Bail Reform Act of 1984 ("the Act") permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. Motamedi, 767 F.2d at 1406.

#### 1. Factual Circumstances of the Underlying Escape and Detention.

(a) The July 31, 2007 Escape

On July 30, 2007, the defendant was cited by Cornell staff for possession of contraband, specifically, staff found in the bathroom of his shared room a device used to falsify urinalysis tests. On July 31, 2007, at approximately 1635 hrs, the defendant submitted a urine sample that on August 7, 2007, tested positive for opiates, benzodiazepines, and cocaine.

On July 31, 2007, at approximately 2155 hrs, a random headcount was conducted at the Cornell facility and the defendant was unaccounted for. A walk-through of the facility and

outside perimeter was completed but the defendant was not located in his room or elsewhere in the facility. The facility was put on lockdown and a headcount was conducted. All residents were accounted for except the defendant. The United States Marshals were subsequently notified of the defendant's escape.

     (b)  The August 13, 2007 Arrest

On August 13, 2007, the defendant, still a fugitive, was arrested by the Hayward Police Department and charged with possession of controlled substance, possession of controlled substance paraphernalia, and false identification to police officers. The defendant was the rear passenger in a car stopped by the Hayward police for suspicious activity, driving through a parking lot late at night with the businesses closed, as well as passengers not wearing seatbelts. As the officer spoke with the driver and the front passenger outside the car, the officer observed the defendant, the only person remaining in the car, lean over and stuff something in the rear seat, behind the drivers seat.

The officers discovered under rear left passenger seat, where the defendant had been seated, a small glass vial containing crack cocaine and two glass pipes. The driver stated that the drugs belonged to the defendant. When questioned by the police, the defendant provided three false names, James, Jimmy, and Robert, and claimed his last name was Pando. The defendant was arrested and returned to federal custody on August 20, 2007.

     (c)  The September 25, 2007 Statement

On September 25, 2007, the defendant spoke with Mike Reed, Assistant Director of Cornell Corrections, as part of Mr. Reed's investigation into the incident report charging the defendant with escape. At that time, the defendant made the following statement to Mr. Reed: "I figured I had two choices, either beat the shit out of the Chinaman for blaming me for the whizinator, and then take off, or just take off. I knew the Marshals were coming, so I took off."

     (d)  The February 8, 2008 Admission

On February 8, 2008, the defendant appeared before Judge Brazil for a further detention hearing. On or about January 31, 2008, the defendant was mistakenly released from custody at Santa Rita; the defendant completed the time served on his 2004 conviction, but was to be held

in custody pursuant to the present escape charge. During the February 8, 2008 hearing, the Court agreed to the defendant's release conditioned on his testing clean for drugs. After initially agreeing to be tested, the defendant conferred with his counsel in the hallway and re-appeared before Judge Brazil, admitting that he would fail a drug test. The defendant was remanded into custody.

          (e)      The April 4, 2008 Wedding

On April 1, 2008, counsel for the defendant notified the United States Attorney for the first time that the defendant would seek a 24-hour release so that he could get married on April 3, 2008. On April 3, 2008, the defendant appeared before Judge Brazil and, together with counsel, represented that the defendant sought to be married on April 4, 2008, and required that date due to the arrangements already made by the defendant's family, as well as that the defendant intended on entering a change of plea before this court on April 9, 2008. The United States objected to his release, and now ask this Court to revoke the April 3, 2008 release Order.

### C.    Statutory Factors Requiring Detention

The statutory factors contained in 18 U.S.C. § 3142(g) establish that Defendant is a danger and a flight risk and should be detained pending trial.

    **1.**    **Nature and circumstances of the offense charged (18 U.S.C. § 3142(g)(1)).**

The charged offense is Escape, and as the defendant has already demonstrated, he is a risk of flight.

    **2.**    **Weight of the evidence against Defendant (18 U.S.C. § 3142(g)(2)).**

The evidence against Defendant is extremely strong, and includes the defendant's September 25, 2007 admission.

    **3.**    **Defendant's history and characteristics (18 U.S.C. § 3142(g)(3)).**

Defendant's criminal history, as set forth in the Pre-Trial report, is substantial, and is replete with offenses involving violence committed against others as well as to property, numerous controlled substance offenses, prior escapes, use of at least nineteen aliases, and most recently, a 2003 arrest for possession of a firearm.

**4.     Defendant poses a flight risk and danger to the community if released.**

The defendant has already shown that he is a flight risk. He has also shown that he will re-offend if released. He committed three controlled substance violations since he was sent to Cornell Corrections, including his July 31, 2007 failed drug test, his August 13, 2007 arrest for possession of crack cocaine, and his February 8, 2008 admission to Judge Brazil that he would fail another drug test. If the defendant is released, it is certain that he will re-offend again. Moreover, the defendant's criminal record, as well as his September 23, 2007 threat made to the Cornell staff, show a disturbing connection between the defendant's controlled substance violations and acts of violent crimes, leading to the concern that the defendant lacks the self-control against abusing drugs and committing more offenses against person or property.

**D.     No Urgency Exists, and The April 4, 2008 Wedding Is Moot.**

There is no urgency to the defendant's request to be married, and no compelling need to be released from custody so that he may be married. As the Court noted during the April 3, 2008 hearing, the defendant has alternatives to be married that do not involve a release from custody. The issue is also moot. Based on representations made by the defendant and his counsel before this Court and Judge Brazil, the defendant made special arrangements to be married on Friday, April 4, 2008. The defendant's counsel today informs the Court that even though the Order had been stayed, the defendant still requests a 24-hour release to be married, because the "substance" of the request remains the same. Such an acknowledgment calls into doubt the urgent and compelling nature of the arrangements made by the defendant that required his release from custody on April 3, with less than 48-hour notice to the Court or the United States. Notwithstanding the moot procedural posture, the defendant remains a flight risk and danger to the community, and should not be released from custody.

///
///
///
///
///

MOT. TO REVOKE TO PRE-TRIAL RELEASE     5
No. CR-07-0791 CW

**CONCLUSION**

For these reasons, the government respectfully requests that this Court find that the defendant is a danger and a flight risk, and that there are no conditions or combination of conditions that will reasonably assure the safety of the community and his appearance in court, and as such, REVOKE the Order of release.

DATED: April 7, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
DANIEL R. KALEBA
Assistant United States Attorney