BARRY J. PORTMAN
Federal Public Defender
REBECCA SULLIVAN SILBERT
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant NEVES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0791 CW |
| Plaintiff, | **ROCKY NEVES' OPPOSITION TO GOVERNMENT'S MOTION TO REVOKE TEMPORARY RELEASE** |
| vs. | |
| ROCKY NEVES, | |
| Defendant. | |

Twice in the past, Mr. Neves has been temporarily released from federal custody and has voluntarily returned to custody without incident. The first time, in his prior federal case, the government agreed that Mr. Neves could be released to attend the funeral of his first wife. Mr. Neves did exactly as the court ordered, and self surrendered after the funeral. More recently, Santa Rita Jail mistakenly released Mr. Neves. Mr. Neves voluntarily self-surrendered upon learning that his release was a mistake.[1]

---

[1] When he self-surrendered after the mistaken release, Mr. Neves asked the court if he could remain out for one more week. The court agreed, on the condition that Mr. Neves take a drug test. Because Mr. Neves' test would have been positive for vicodin (a painkiller that he had been prescribed while in custody, but had not obtained pursuant to a prescription while he was out), Mr. Neves withdrew his request to remain out of custody.

1

1    Now, Mr. Neves asks only that he be released for a short period of time so that he can get
2    a marriage license – something that his fiancee (Tina Lengyel) has been trying to make happen
3    for the past five weeks, but, because of Mr. Neves' lack of identification, has been unable to
4    accomplish.  Ms. Lengyel has spent many, many hours conferring with people in the Alameda
5    County Recorder's Office about getting a marriage license for a person who has no identification.
6    It was only after repeatedly being told that they could not get the license that Mr. Neves and Ms.
7    Lengyel approached the Court about a temporary release.  And, knowing that the Court and the
8    government would have concerns about Mr. Neves' criminal history, Mr. Neves offered three
9    sureties, all three of whom agreed to stay with him during the entire period of release.  Moreover,
10   although the government calls the release a 24-hour release, it was actually much shorter than
11   that.  Mr. Neves would have been released from Santa Rita Jail on Thursday night, April 3
12   (releases generally occur around 11 p.m.), and was to return to the Marshal's Office by 1 p.m. the
13   next day.  Even this could have been shortened, as the Marshals could have released Mr. Neves
14   directly from the federal courthouse, and he could have surrendered back to the Marshals that
15   same afternoon, if the request had not been contested.[2]

16   Mr. Neves recognizes that there are issues in his history that might justify detention, were
17   he to request release for the entirety of the pretrial period without conditions.  Mr. Neves,
18   however, is not requesting complete pretrial release, and no such question is before this Court.
19   Rather, Mr. Neves makes only an extremely restricted request – for a one day release – and he
20   offers three sureties and custodians to appease any concerns of the Court or the government.  In
21   these limited circumstances, Mr. Neves' appearance will be reasonably assured, and he will not

---

[2] The Marshals can "roll out" a defendant if they know for sure that the defendant will be ordered released.  This means that they check him out of the jail when they pick him up to bring him to court.  The defendant can then be released by the magistrate at the 10:00 calendar, and can self-surrender back to the Marshal's Office in the afternoon.  The Marshals will not roll out a defendant if the release is contested.  If, as here, a request is contested and release is ordered, the defendant must be returned to Santa Rita Jail and released whenever Santa Rita Jail has time to do so.  This generally occurs around 11:00 p.m.

2

1  be a danger to the community.

2      Lastly, this matter is not moot. Mr. Neves continues to hope that he can get the license,
3  and he continues to believe that a limited release with conditions meets the standards of the Bail
4  Reform Act. He could make the arrangements to get a license on a different day and request
5  release again from the magistrate court – but any such arrangements would be a waste of court
6  resources, as the magistrate court would issue the same order, and the government would again
7  appeal. Mr. Neves therefore respectfully requests that the Court rule on the substance of his
8  request for temporary release.

10  Dated: April 7, 2008

11                            Respectfully submitted,

12                            BARRY J. PORTMAN
                           Federal Public Defender

13
                            /S/
14
                          REBECCA SULLIVAN SILBERT
15                            Assistant Federal Public Defender